Patrick M. Flatley
United States Bankruptcy Judge

Dated: Tuesday, May 26, 2015 4:15:15 PM

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LARRY K. PEARSON and ) | |
| LINDA L. PEARSON, ) | Case No. 08-bk-1970 |
| ) | |
| Debtor. ) | Chapter 7 |
| _____ ) | |

## MEMORANDUM OPINION

Pending before the court are two related contested matters: the Debtors' Motion to Convert to a Proceeding Under Chapter 13 (the "Motion to Convert") and the Objection to Amendment filed by Martin P. Sheehan, the Chapter 7 trustee ("Trustee") administering the Debtors' case. The Debtors do not state in their Motion to Convert why they desire to convert their case to one under Chapter 13, particularly when they've previously obtained a discharge of the claims against them in this case, but the court presumes that their desire in that regard is wed to their attempt to exempt from property of the estate $34,524 of their combined interest in a cause of action regarding their purchase of a 2004 Commodore Double Wide (the "Commodore").[1]

---

[1] For some reason, the Debtors' amended claim of exemption specifically exempts their combined interest in the Commodore itself rather than the cause of action presumably related to the loan that they disclosed for the first time when they moved to reopen this case. Nonetheless, the court will construe the amended claim of exemption as claiming an exemption in the cause of action because the Debtors would otherwise likely be precluded by principals of res judicata from claiming an exemptible interest in the Commodore based upon their failure to claim an exemption in the Commodore itself on their original Schedule C, *see In re Davis*, Case No. 13-bk-1096, 2015 WL 1280879, at *2 (Bankr.N.D.W. Va. Mar. 16, 2015) (citation omitted), and the fact that the Commodore left the bankruptcy estate upon the case being closed. *See* 11 U.S.C. § 554(c) ("[A]ny property scheduled under [§] 521(a)(1) . . . not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of [§] 350 of [title 11].").

1

For the reasons stated herein, the court will deny the Debtors' Motion to Convert and set further proceedings on the Trustee's Objection to Amendment.

## I. BACKGROUND

On December 8, 2008, the Debtors, with the assistance of counsel, filed for relief under Chapter 7 of the Bankruptcy Code. On their Schedule A, the Debtors disclosed their interest in their single-family home located at 93 Diane St. in New Cumberland, WV. The Debtors valued their interest in their residence at $59,600 based upon an assessment by the Hancock County Auditor, and they identified a secured claim against the property in the amount of $72,764. On their Schedule B, the Debtors identified several items of personal property but did not disclose their interest in any potential legal claims. On their Schedule C, the Debtors wholly exempted their interests in all of their unencumbered property such that assets did not exist for the Chapter 7 trustee to administer. On their Schedule F, the Debtors identified unsecured non-priority claims totaling $42,634. On March 12, 2009, the court discharged the Debtors and closed this case. The Debtors did not disclose any debts that would survive their Chapter 7 discharge. Notably, the Debtors did not reaffirm any of their debts; nor did the court determine any to be nondischargeable.

Over five years later, the Debtors, with substitute counsel, moved to reopen their case to disclose an additional asset of their Chapter 7 bankruptcy estate—a pre-petition claim against Beneficial West Virginia. The Debtors also asserted in their Motion to Reopen Case that they were advised of their potential claim only after they received their Chapter 7 discharge, they wished to reopen their case to disclose the asset and exempt their interest, at least partially, in their anticipated recovery, and that they would also be moving to convert their case to one under Chapter 13. The Debtors also attached amended Schedules A, B, and C to their Motion to Reopen. On December 18, 2014, the court, in the absence of any objection, ordered that the Debtors' case be reopened. Thereafter, the extant litigation ensued.

## II. DISCUSSION

Regarding the Debtors' Motion to Convert, the Debtors assert that they have an absolute right to convert their case to one under Chapter 13 because they are eligible to be Chapter 13 debtors and their case was not previously converted. Moreover, they argue that the court can limit their right to convert only if they've engaged in bad-faith conduct, which they assert the Trustee does not allege in opposition to their motion. The Trustee urges the court to deny the

Motion to Convert because the sole asset available for creditors in this case is the prospective cause of action against Beneficial West Virginia, which he is capable of liquidating for distribution in this Chapter 7 case, and that the court should deny conversion to Chapter 13 because the Debtors are unable to confirm a Chapter 13 plan under § 1324(a)(4) of the Bankruptcy Code.

Generally, § 706(a) of the Bankruptcy Code provides that a debtor may convert a Chapter 7 case to one under Chapter 13 at any time if the court has not previously converted the case under § 1112, 1208, or 1307. 11 U.S.C. § 706(a). The Supreme Court in *Marrama v. Citizens Bank*, 549 U.S. 365 (2007) found that the ability to convert under § 706(a) is absolute for "honest but unfortunate debtors." *Marrama*, 549 U.S. at 374. Notably, however, the Court in *Marrama* was careful to point out that Congress made the right to convert under § 706(a) conditional upon, among other things, the debtor qualifying as a debtor under the chapter to which the debtor seeks conversion.

In that regard, only an individual with regular income and a limited amount of debt can obtain Chapter 13 relief. 11 U.S.C. § 109(e). The requirement that an individual owe debt is not something common to all chapters of title 11. *See* 2-109 *Collier on Bankruptcy* ¶ 109.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("In contrast to provisions involving chapter 7 debtors, . . . [§] 109(e) is drafted explicitly to require that a chapter 13 debtor owe debts on the date that the petition is filed."). Congress defined "debt" in the Bankruptcy Code to mean "liability on a claim." 11 U.S.C. § 101(12). And "claim" means, among other things not applicable to this case, "right to payment." 11 U.S.C. § 101(5)(A). Thus, a prospective debtor must owe a debt and a creditor—the entity to which the debt is owed—must hold a claim against the debtor, which, in turn, establishes the debtor's eligibility for relief under Chapter 13 of the Bankruptcy Code.

There is some dispute among courts about whether the holder of claim discharged by a debtor's Chapter 7 case nonetheless remains a "creditor" for purposes of the debtor formulating a subsequent Chapter 13 plan of repayment. *Compare In re Starling*, 359 B.R. 901, 910 (Bankr.N.D.Ill. 2007) (holding that a Chapter 7 creditor whose claim is secured by a lien against the debtor's property but discharged under 11 U.S.C. § 727 is no longer a "creditor," as that term is defined by the Bankruptcy Code, because it loses its "right to payment" from the debtor), *and In re Hundley*, 99 B.R. 306 (Bankr.E.D.Va. 1989) (same), *with Grundy Nat'l Bank v. Johnson*,

106 B.R. 95, 97 (holding that a Chapter 7 creditor whose claim against the debtor is discharged but whose lien against the debtor's property survives bankruptcy remains a creditor because the phrase "claim against the debtor" includes a claim against property of the debtor under 11 U.S.C. § 102(2)).

This court believes that the better-reasoned conclusion is that a secured creditor whose claim is discharged by virtue of a debtor's Chapter 7 bankruptcy case no longer qualifies as a creditor for purposes of a subsequent Chapter 13 case, whether it is the same case converted to Chapter 13 or a new case altogether. The court finds that the Bankruptcy Code mandates such a result based upon its definition of "claim." Although the *Johnson* court correctly notes that "claim against the debtor" includes a claim against property of the debtor by virtue of § 102(2), *Johnson*, 106 B.R. 97, an entity subject to a debtor's Chapter 7 discharge must still possess a "claim"—whether it be against the debtor or the debtor's property—to qualify as a "creditor." And as noted above, Congress defined "claim" in the Bankruptcy Code to mean "right to payment." The *Johnson* court's flawed reasoning becomes apparent by substituting "claim" in § 102(2) with its definition because an entity left with only a lien against a debtor's property postdischarge does not have a "right to payment" against the debtor or the debtor's property. Rather, it's simply left with its right to take possession of its collateral pursuant to its nonbankruptcy rights. To be clear, the debt is not extinguished. *Puller v. Credit Collections USA, Inc. (In re Puller)*, Adv. No. 06-157, 2007 WL 1811209, at *3 (Bankr.N.D.W. Va. June 20, 2007) (citations omitted). The Chapter 7 discharge, however, "discharges the debtor from all debts that arose before the date of the order for relief under [Chapter 7] . . . ." 11 U.S.C. § 727(b). It also "operates as an injunction against the commencement or continuation of an action . . . to collect, recover, or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2). Therefore, only a debtor who can be called upon to pay prepetition claims may qualify for relief under Chapter 13 of the Bankruptcy Code. *See Cohen v. de la Cruz*, 523 U.S. 213, 218 (1998) (internal quotation omitted) ("[A] right to payment, we have said, is nothing more nor less than an enforceable obligation.").

Here, the Debtors obtained a discharge of their prepetition debts by virtue of the discharge entered in this case on March 12, 2009. And because the Debtors' desired conversion of this case does not change the date of the filing of the petition, 11 U.S.C. § 348(a), any post-petition, pre-conversion debt they accrued is not included as a claim against them or their

4

bankruptcy estate. § 348(d). The court will thus deny the Debtors' Motion to Convert because they are ineligible for Chapter 13 relief in this case because the case is devoid of creditors. To the extent they seek the protection of Chapter 13, they can file a new case if they otherwise qualify for relief.

Regarding the Trustee's Objection to Amendment, the Chapter 7 trustee objects to the Debtors' amended claim of exemption based upon the amendment being untimely under Federal Rule of Bankruptcy Procedure ("Rule") 1009(a). The Debtors contend that the court should permit their amended claim of exemption because it can extend the deadline under Rule 1009(a) for the filing of such an amendment if the Debtors failure to timely amend their claim of exemption is the result of excusable neglect, which they assert is the cause of their amendment after the court closed this case. The court agrees with the Debtors that it may permit their amended claim of exemption in this reopened case if it finds that the Debtors' failure in the first instance was the result of excusable neglect. *See e.g., In re Smith*, No. 13-11237-ta7, 2014 WL 7358808, at *3-4 (Bankr.D.N.M. Dec. 24, 2014) (discussing the various approaches taken by courts when adjudging whether to permit an amended claim of exemption after a case is closed but reopened and finding that the "excusable neglect" approach best harmonizes the Bankruptcy Code and Rules). Nonetheless, the court can only adjudge the amended claim of exemption under that standard after an evidentiary hearing. It will thus schedule further proceedings on the Trustee's Objection to Amendment.

### III. CONCLUSION

Based upon the foregoing, and consistent with Fed. R. Bankr. P. 9021, the court will enter a separate order denying the Debtors' Motion to Convert. The court will also subsequently schedule a telephonic hearing on the Trustee's Objection to Amendment.

5